UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

   - against -                                     :
                                                           **MEMORANDUM DECISION**

BASHEER AHMAD, a/k/a,                 :
BASHIR NOORZAI, a/k/a,                :   05-cr-00019-DC
HAJI BASHIR NOORZAI,                  :

   Defendant.                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPEARANCES:**        AUDREY STRAUSS, Esq.
                              United States Attorney for the
                              Southern District of New York
                                  By:   Camille L. Fletcher, Esq.
                                          Assistant United States Attorney
                              One Saint Andrew's Plaza
                              New York, New York  10007

                              B. ALAN SEIDLER, Esq.
                              Attorney for Defendant
                              580 Broadway
                              New York, New York  10012

**CHIN, Circuit Judge:**

        Defendant Basheer Ahmad moves for compassionate release or a reduction in sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), as modified by the First Step Act (the "FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  Dkt. No. 219 ("Def. Mem.").  The government opposes the motion.

On September 23, 2008, a jury found Ahmad guilty of (1) conspiracy to import heroin, in violation of 21 U.S.C. § 963, and (2) conspiracy to distribute heroin and conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846. On May 1, 2009, I sentenced him to concurrent life sentences on each count. Dkt. No. 176. On July 12, 2013, I denied Ahmad's subsequent motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel. Dkt. No. 196. On May 4, 2021, Ahmad filed the present motion. The motion is DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the FSA, a court may reduce a defendant's sentence on a motion from either the Director of the Bureau of Prisons (the "BOP") or the defendant himself. *See United States v. Gil*, No. 90 Cr. 306 (KMW), 2020 WL 2611872, at *1 (S.D.N.Y. May 22, 2020); *United States v. Patterson*, No. 17 Cr. 118-6 (KPR), 2020 WL 2571044, at *2 (S.D.N.Y. May 21, 2020). A defendant is required to exhaust all administrative remedies within the BOP before moving for a reduction. 18 U.S.C. § 3582(c)(1)(A).

A court may reduce a defendant's sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that there are "extraordinary and compelling reasons [that] warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] Although courts were previously constrained by U.S.

---

[1] As Ahmad is sixty-one years old and has served only sixteen years of his sentence, he does not fulfill the requirements for compassionate release under section 3582(c)(1)(A)(ii).

Sentencing Guidelines Manual § 1B1.13, the Second Circuit has now held that a court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  Rehabilitation alone, however, cannot constitute an extraordinary and compelling reason for release.  28 U.S.C. § 994(t).

The government argues that Ahmad has failed to establish extraordinary and compelling reasons for release and that the section 3553(a) factors weigh heavily against his release.[2]

Ahmad is sixty-one years old and has several health problems, at least some of which could constitute extraordinary and compelling reasons for release in light of the COVID-19 pandemic.  *See, e.g.*, *United States v. Torres-Nunez*, No. 87 Cr. 419-16 (DC), 2021 WL 1668024, at *3 (S.D.N.Y. Apr. 28, 2021) (discussing susceptibility to complications from COVID-19 as an extraordinary and compelling reason for release).  The government argues, however, that because Ahmad is fully vaccinated against COVID-19, his health conditions are insufficient to constitute extraordinary and compelling reasons for release.  Gov't Mem. at 4.  In light of the uncertainties regarding the Delta variant and break-through COVID, Ahmad's vaccination status certainly does not preclude him from relief.  Nonetheless, even assuming Ahmad has shown

---

[2] The government acknowledges that Ahmad has exhausted his administrative remedies.  *See* Gov't Mem. at 2 n.2.

3

extraordinary and compelling circumstances, his motion still fails under the sentencing factors of section 3553(a).

These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; and (3) the need for the sentence "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1)-(2).

Ahmad's offenses are extremely serious.  At sentencing, this Court found that over fifteen or more years, Ahmad was responsible for growing and manufacturing thousands of kilograms of heroin, and of that amount, "substantially more than 30 kilos was imported or intended to be imported into the United States."  Sentencing Tr., 18:21-19:1, Apr. 30, 2009.  As set forth in the PSR, Ahmad was an ally of the Taliban and provided it with weapons, funds, and soldiers related to his heroin operations.  Ahmad was "a former *mujahideen* warlord," the leader of "one of Afghanistan's largest and most influential tribes, led "a network of distributors in New York City who sold his heroin," and "raised his own army of *mujahideen* fighters, financed and armed with drug proceeds."  PSR ¶¶ 10, 11.  Before his arrest, the U.S. Department of Justice designated Ahmad as a Consolidated Priority Organization Target, on a list of the most powerful and dangerous narcotics traffickers in the world.  Ahmad was sentenced to life in prison, of which he has only served twelve years.  Releasing Ahmad at this stage would

neither reflect the seriousness of his offenses, nor promote respect for the law. Furthermore, if Ahmad were released, he would be deported to Afghanistan, where he could resume his criminal operations without supervision from this Court. *See Sabir*, 481 F. Supp. 3d at 276 ("[Defendant] can still easily give aid and comfort to the enemy, regardless of his age, and there is nothing in this record to indicate that he would not be inclined to continue to do so."); *cf. United States v. MacCallum*, No. 1:15-CR-00204 (EAW), 2021 WL 28016, at *7 (W.D.N.Y. Jan. 5, 2021) (acknowledging that if defendant was released and deported, it would be impossible to enforce any supervised release program).

        Thus, Ahmad's release and removal to Afghanistan would neither reflect the seriousness of the offense and punishment, nor would it protect the public from further criminal activity.

        Accordingly, Ahmad's motion is DENIED.

        SO ORDERED.

Dated:      New York, New York
             August 9, 2021

                                      ____/s/DC_____
                                      DENNY CHIN
                                      United States Circuit Judge
                                      Sitting by Designation